UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DEL PILAR,

                      Plaintiff,

    -v-                                       03 cv 8636 (GBD)(AJP)

WILLIAM E. PHILLIPS,                   ORDER

                      Defendant.

GEORGE B. DANIELS, District Judge:

       *Pro se* petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, by a jury in Supreme Court, Bronx County, rendered on December 18, 2000, for second degree murder and second degree weapons possession, and his concurrent sentences totaling twenty-two years to life imprisonment.  Petitioner argued that the trial court erred in: (1) allowing a witness to be recalled to identify the petitioner after that witness had met with the prosecutor during a recess, (2) preventing petitioner's trial counsel from questioning another witness about the conversation she had heard between the prosecutor and the identifying witness during the recess, (3) excluding certain evidence purporting to show the motive of the co-defendant to commit the offense and (4) denying petitioner's initial motion to strike a hearsay statement and then granting the motion at the end of the trial.  Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("Report") in which he found petitioner's claims to be without merit.  He recommended that the petition be denied in its entirety and that the action be dismissed with prejudice.

       The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report.  Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record.  See Nelson v. Smoth, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F.Supp. 830, 840

(S.D.N.Y. 1997), aff'd, 167 F.3d 618 (2d Cir. 1998). In his report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed objections to the Report. With respect to those portions of the Report to which petitioner did not specifically object, the Court finds that the record is not facially erroneous.

The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b). It is not required however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676.

Petitioner objects to the Report's "findings and conclusions regarding each and every issue." However, the petitioner's objections specifically reiterates only one component of his habeas application, the trial court's limitation of certain evidence, which petitioner contends demonstrates that his co-defendant's motive to commit the murder was not shared by the petitioner himself. "[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." Edwards v. Fischer, 414 F.Supp.2d 342, 34647 (S.D.N.Y. 2006) (internal quotation marks and citations

omitted). Nonetheless, for the reasons stated in the Report, the claims are properly denied even on *de novo* review.

A constitutional violation will merit habeas relief only "where [the] petitioner can show that the error deprived [him] of a <u>fundamentally fair</u> trial." <u>Rosario v. Kuhlman</u>, 839 F.2d 918, 925 (2d Cir. 1988) (emphasis in original). Where the alleged violation is the exclusion of evidence, the test for fundamental fairness is whether the excluded evidence, "evaluated in the context of the entire record" created "a reasonable doubt regarding petitioner's guilt that did not otherwise exist." <u>United States v. Agurs</u>, 427 U.S. 97, 112-113 (1976).

In this case, the exclusion of certain motive evidence by the trial court does not alter the fundamental fairness of the petitioner's trial. As the state appellate court determined, jurors at trial, despite the trial court's exclusion of certain motive evidence, were able to learn of co-defendant's anger at the victim over the physical abuse of co-defendant's son. <u>See</u> <u>People v. Del Pilar</u>, 293 A.D.2d 365, 365-66, 742 N.Y.S.2d 200, 201-02 (1st Dep't 2002). Thus, the excluded evidence, including a videotape of the co-defendant, would not have created a reasonable doubt as to the defendant's guilty by merely demonstrating the co-defendant may have wanted to exact retribution against the victim. Furthermore, it is questionable whether establishing co-defendant's homicidal motive even favors the petitioner's defense. The state appellate court found that motive evidence could "cut both ways"as the jury, having understood the co-defendant's motive, could well infer that petitioner had reason to assist the co-defendant, described to be his friend. <u>See</u> <u>People v. Del Pilar</u>, 293 A.D.2d at 365-66, 742 N.Y.S.2d at 201-02. The petitioner tries to undercut the credibility of witnesses testifying to his association with the co-defendant. But evaluated broadly against the entire record, these efforts do not alter the

3

weight of other evidence of petitioner's guilt including eye witness identification of the petitioner as the second person standing outside the victim's door at the time of the shooting.

After reviewing the Report and petitioner's objections, the Court adopts the Report in its entirety. The petition is therefore dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: December 15, 2006
      New York, New York

SO ORDERED:

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge

4